Matter of Tantillo v Nesenger (2025 NY Slip Op 04998)

Matter of Tantillo v Nesenger

2025 NY Slip Op 04998

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2021-00276
 (Index No. 606960/20)

[*1]Matter of Raymond Tantillo, etc., respondent,
v
Bruce Nesenger, et al., appellants.

Piana & Gioe, LLC, Hauppauge, NY (Jack Piana and Michael Garabedian of counsel), for appellants.
John L. Juliano P.C. (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jack Lockwood], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Bruce Nesenger, Cars Unlimited of Suffolk County, LLC, and T. Tantillo Realty, LLC, appeal from a judgment of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), entered November 16, 2020. The judgment, upon an order of the same court dated October 14, 2020, is in favor of the petitioner and against Bruce Nesenger, Cars Unlimited of Suffolk County, LLC, and T. Tantillo Realty, LLC, in the principal sum of $3,450,392.
ORDERED that the judgment is affirmed, with costs.
The petitioner, Raymond Tantillo, individually and as the personal representative of the estate of Anthony Tantillo (hereinafter the estate), commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award dated May 6, 2020. Bruce Nesenger, Cars Unlimited of Suffolk County, LLC, and T. Tantillo Realty, LLC (hereinafter collectively the appellants), cross-petitioned to vacate the arbitration award. The arbitrator found that the appellants were liable to the petitioner and the estate in the principal sum of $3,450,392, on the basis that, inter alia, Nesenger had acted in bad faith as a manager of certain companies of which the petitioner and the estate were part owners and had improperly received compensation that should have been distributed among Nesenger, the petitioner, and the estate. In an order dated October 14, 2020, the Supreme Court granted the petition, denied the cross-petition, and confirmed the arbitration award. A judgment was entered on November 16, 2020, in favor of the petitioner and against the appellants in the principal sum of $3,450,392. This appeal ensued.
Judicial review of an arbitration award is extremely limited (see Matter of Nofal v MAS-UNY, 234 AD3d 970, 971; Matter of Tauber v Gross, 216 AD3d 1066, 1068). "A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511(b)(1) bears a heavy burden, and must establish a ground for vacatur by clear and convincing evidence" (Matter of Tauber v Gross, 216 AD3d at 1068 [internal quotation marks omitted]). "CPLR 7511(b) enumerates the limited grounds upon which an award may be vacated, including, as relevant here, that the arbitrator exceeded his or her power" (Matter of Bench v Brookhaven Heart, PLLC, 236 AD3d 902, 903; see CPLR 7511[b][1][iii]; American Intl. Specialty Lines Ins. Co. v Allied Capital [*2]Corp., 35 NY3d 64, 70). "'An arbitrator exceed[s] [his or her] power within the meaning of the CPLR only when [he or she] issue[s] an award that violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (Matter of Bench v Brookhaven Heart, PLLC, 236 AD3d at 903 [internal quotation marks omitted], quoting Matter of Village of Spring Val. v Civil Serv. Empls. Assn., Inc., 214 AD3d 818, 819). "[A]n arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not assume the role of overseers to mold the award to conform to their sense of justice" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479-480; see Matter of Bench v Brookhaven Heart, PLLC, 236 AD3d at 902).
Here, the appellants failed to establish by clear and convincing evidence that the arbitrator's award was irrational, violated a strong public policy, or clearly exceeded a specifically enumerated limitation on the arbitrator's power. Contrary to the appellants' contentions, there is no basis in the record to vacate the arbitrator's award in this case (see Jewish Press, Inc. v Meltzer, Lippe, Goldstein & Breitstone, LLP, 221 AD3d 594, 596).
Accordingly, the Supreme Court properly granted the petition, denied the cross-petition, and confirmed the arbitration award.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court